IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10056
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AKEEM OMOMEGI YUSUF,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-251-G
- - - - - - - - - -
August 24, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Akeem Omomegi Yusuf challenges the district court's restitution order. This court reviews particular awards of restitution for abuse of discretion. See United States v. Chaney, 964 F.2d 437, 451-52 (5th Cir. 1992).

Under the Victim and Witness Protection Act, 18 U.S.C. § 3663 (VWPA), restitution for victims can be awarded only for the loss caused by the specific offense that is the basis of the

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

offense of conviction.  United States v. Pepper, 51 F.3d 469, 473 (5th Cir. 1995) (citing Hughey v. United States, 495 U.S. 411 (1990)).  To convict Yusuf of mail fraud, the Government had to prove a scheme to defraud, rather than specific incidents of fraud limited to individual investors.  See 18 U.S.C. §§ 1341 and 1342; see also Pepper, 51 F.3d at 473.  Because a fraudulent scheme is an element of Yusuf's offense of mail fraud, actions pursuant to that scheme are conduct underlying the offense of conviction.  Pepper, 51 F.3d at 473 (citing United States v. Stouffer, 986 F.2d 916, 928 (5th Cir.), cert. denied, 114 S. Ct. 115 (1993)).

The indictment specifically defined Yusuf's scheme to defraud in that it described the duration of the scheme, i.e., "beginning in early May, 1994, and continuing thereafter until on or about July 12, 1994," and the methods used, i.e., caused to be delivered an envelope containing a credit card in another individual's name.  Therefore, it is specific enough to satisfy Hughey's requirement that sentencing courts focus on the specific conduct underlying the offense of conviction.  See Pepper, 51 F.3d at 473.  Thus, the district court could order restitution for the loss caused by this scheme.

AFFIRMED.